UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4941 PA (FFMx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. DB & Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff Star Fabrics, Inc. ("Plaintiff") against defendants DB & Co. ("DB"), Madera Fashion, Inc. ("Madera"), Top Top Clothing, Inc. ("Top"), Opera Kang Soo Chang, Inc. ("Opera"), and Swan Collection ("Swan") (collectively "Defendants"). (Docket No. 1.) Plaintiff alleges that it owns a two-dimensional design registered with the United States Copyright Office which Defendants, in various combinations,[1] have infringed.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it does not appear that there is a question of fact or law common to all Defendants, nor is it clear that Plaintiff's claims arise out of the same transaction or occurrence. No facts are alleged in the Complaint to satisfy Rule 20(a)(2). See, e.g., Star

---

[1] Specifically, the Complaint alleges that Madera and Top Top sold infringing products manufactured by DB, while Swan sold infringing products manufactured by Opera. (Compl. ¶ 14(a)-(c).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4941 PA (FFMx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. DB & Co., et al. | | |

Fabrics, Inc. v. Sears Roebuck & Co., 2013 U.S. Dist. LEXIS 49204 (C.D. Cal. Apr. 4, 2013) (Order to Show Cause).

  The Court therefore orders Plaintiff to show cause, in writing, no later than July 24, 2017, why one or more defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

  In response to this Order to Show Cause, Plaintiff may, if it so chooses, dismiss its claims against all but one manufacturer or wholesaler and one retailer in this action, and file separate actions against the remaining Defendants with new complaints and filing fees.

  IT IS SO ORDERED.